## THOMASVILLE AUTOMOTIVE PARTS, INC., Plaintiff,

v.

## UNITED STATES of America, Defendant.

### Civ. A. No. 75-9-Alb.

United States District Court,
M. D. Georgia,
Albany Division.

Dec. 10, 1976.

Jerome D. Smith, Columbus, Ga., Hilliard Burt, Albany, Ga., for plaintiff.

Ronald T. Knight, U. S. Atty., M. D. Ga., Macon, Ga., for defendant.

OWENS, District Judge:

Thomasville Automotive Parts, Inc., the taxpayer-plaintiff, manufactures and sells pick-up or light duty truck bumpers. It being the custom of the nation's truck manufacturing industry to deliver new pick-up trucks to retail dealers without bumpers so that the purchaser can select and the dealer can install bumpers of the purchaser's choice, almost all—approximately 97 percent—of Thomasville Automotive Parts, Inc. (hereinafter Thomasville Auto) bumpers are sold to retail truck dealers and attached by them to pick-up trucks at the time the pick-up truck is sold at retail.

Thomasville Auto paid federal excise taxes for the years [1] in question in the amount of $160,439.63 on their bumper sales. The statutory basis for these taxes is 26 U.S.C. § 4061 which provides:

§ 4061. Imposition of tax

(a) Trucks, buses, tractors, etc.—

(1) Tax imposed.—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax of 10 percent of the price for which so sold, except that on and after October 1, 1977, the rate shall be 5 percent—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck and bus trailer and semitrailer chassis.

Truck and bus trailer and semitrailer bodies.

Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this subsection, be considered to be a sale of a chassis and of a body enumerated in this subsection.

(2) Exclusion for light-duty trucks, etc. —The tax imposed by paragraph (1) shall

1. The taxpayer's years are June 30, 1970 through March 31, 1974.

not apply to a sale by the manufacturer, producer, or importer of the following articles suitable for use with a vehicle having a gross vehicle weight of 10,000 pounds or less (as determined under regulations prescribed by the Secretary or his delegate)—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck trailer and semitrailer chassis and bodies, suitable for use with a trailer or semitrailer having a gross vehicle weight of 10,000 pounds or less (as so determined).

(b) Parts and accessories.—

(1) Except as provided in paragraph (2), there is hereby imposed upon parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a)(1) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, except that on and after October 1, 1977, the rate shall be 5 percent.

(2) No tax shall be imposed under this subsection upon any part or accessory which is suitable for use (and ordinarily is used) on or in connection with, or as a component part of, any chassis or body for a passenger automobile, any chassis or body for a trailer or semitrailer suitable for use in connection with a passenger automobile, or a house trailer.

Thomasville Auto sues for a refund of those excise taxes contending:

(a) The excise tax is unconstitutional as applied.

(b) The statutory exclusion as set forth in § 4061(b)(2) for light duty trucks encompasses bumpers manufactured and sold by Thomasville Auto.

(c) The attachment of Thomasville Auto's bumpers to trucks by retail dealers constitutes "further manufacture" pursuant to 26 U.S.C. § 4221(a)(1), which states:

§ 4221. Certain tax-free sales.

(a) General rule.—Under regulations prescribed by the Secretary or his delegate, no tax shall be imposed under this chapter on the sale by the manufacturer of an article.—

(1) for use by the purchaser for further manufacture, or for resale by the purchaser to a second purchaser for use by such second purchaser in further manufacture, . . . but only if such . . . use is to occur before any other use.

(b) Proof of resale for further manufacture; proof of export.—

Where an article has been sold free of tax under subsection (a)—

(1) for resale by the purchaser to a second purchaser for use by such second purchaser in further manufacture, . . . subsection (a) shall cease to apply in respect of such sale of such article unless, within the 6-month period which begins on the date of the sale by the manufacture (or, if earlier, on the date of shipment by the manufacturer), the manufacturer receives proof that the article has been . . . resold for use in further manufacture.

(c) Manufacturer relieved from liability in certain cases.—In the case of any article sold free of tax under this section (other than a sale to which subsection (b) applies), and in the case of any article sold free of tax under section 4063(b), 4083, or 4093, if the manufacturer in good faith accepts a certification by the purchaser that the article will be used in accordance with the applicable provisions of law, no tax shall thereafter be imposed under this chapter in respect of such sale by such manufacturer.

The United States disputes each of these contentions, has counterclaimed for additional excise taxes on other similar sales, and has moved for partial summary judgment on the issue of whether or not plaintiff-taxpayer's bumper sales are subject to the federal excise tax. Rule 56(c), Federal Rules of Civil Procedure. There is no genuine issue as to any material fact necessary to a decision of the United States' motion

for partial summary judgment. Those facts are as heretofore stated. Is the United States entitled to a judgment of liability as a matter of law?

First, does the statute apply to plaintiff-taxpayer's bumper sales? Note the statutory scheme as enacted by Congress.

Section 4061(a)(1) imposes an excise tax on sales by "the manufacturer, producer, or importer" of certain specific articles, to wit: "Automobile truck chassis . . . truck bodies . . . bus chassis . . . bus bodies, truck and bus trailer and semitrailer chassis . . . [and] bodies. . . . Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer . . . [also] A sale of an automobile truck, bus, truck or bus trailer or semitrailer . . . ."

Section 4061(b)(1) imposes an excise tax upon parts or accessories for the certain specific items enumerated in (a)(1), sold by the "manufacturer, producer, or importer".

The statutory scheme thus provides for an excise tax to be paid by manufacturers, producers, or importers (i) upon a sale of an "automobile truck, bus, truck or bus trailer or semitrailer" and upon the chassis or body of either and upon non-farm tractors, and (ii) upon sales of parts and accessories for such items. The tax is upon the price of the sale by the manufacturer, producer or importer. Clearly the excise tax is thereby imposed upon the sales price of items at the moment of and as sold by manufacturers, producers or importers. Therefore, the plaintiff-manufacturer's sales of bumpers are encompassed by § 4061(b)(1) and subject to taxation unless somehow removed from taxation by another provision.

■ The plaintiff claims that because its bumpers are attached by truck dealers to excise tax exempted [2] vehicles, the bumpers

thereby become exempt as well. This argument ignores the crucial point, discussed above, that the excise tax is statutorily imposed (or exempted) on certain items as those items exist at the moment of sale by the manufacturer. Because the exempted light duty trucks do not have bumpers when and as they are sold by the manufacturer of the trucks, the bumpers simply are not exempt even though they are later attached to the exempted truck by the retail dealer. The plaintiff is a manufacturer, not of exempt light duty trucks, but of bumpers which are certainly taxable under § 4061(b)(1).

■ The plaintiff's second basis for a refund is the assertion that the attachment of Thomasville Auto's bumpers to trucks by retail dealers constitutes "further manufacture" pursuant to 26 U.S.C. § 4221(a)(1) which is set out above. Even assuming that the attachment of the bumpers is "further manufacture", the plaintiff has failed to comply with the statute and the regulations which would enable the taxpayer to make a tax-free sale. Beginning with the statute, § 4222(a) unequivocally provides that the "further manufacture" exemption shall not apply "unless the manufacturer, the first purchaser, and the second purchaser (if any) are all registered under this section." [3] The plaintiff admits that it has not registered with the Secretary for the exemption and hence under the plain language of the statute the plaintiff cannot benefit from the exemption.

In addition, the plaintiff has not complied with the regulations promulgated under § 4222 and is not relieved by the regulations of the requirement of registering prior to claiming a tax-free sale. Pursuant to § 4222 the Secretary has set forth Tempo-

---

2. The exempted vehicles are light-duty trucks as defined by 26 U.S.C. § 4061(a)(2), which is set out above.

3. Sec. 4222. Registration.

(a) General rule.—Except as provided in subsection (b), section 4221 shall not apply with respect to the sale of any article unless the manufacturer, the first purchaser, and the

second purchaser (if any) are all registered under this section. Registration under this section shall be made at such time, in such manner and form, and subject to such terms and conditions, as the Secretary or his delegate may by regulations prescribe. A registration under this section may be used only in accordance with regulations prescribed under this section.

rary Regulations § 148.1–3 [4] which provides in subsection (f) that in order for a tax free sale to occur the purchaser (in this case, the truck dealers) must, "note on the purchase order or other document furnished to the seller by the purchaser the exempt purpose for which the article or articles are being purchased and the registration number of the purchaser. . . ." The plaintiff admitted that this procedure has not been

---

4. Sec. 148.1–3 provides:

\* \* \* \* \* \*

(b) Tax-free sales only if seller and purchaser are registered. Except as provided in paragraphs (c) and (i) of this section, an article subject to tax under chapter 32 may on and after January 1, 1959, be sold tax free by the manufacturer for the following uses (but only if the seller, first purchaser, and second purchaser, as the case may be, have registered as required by this section)—

(1) For use by the purchaser for further manufacture;

\* \* \* \* \* \*

(e) Temporary registration—(1) Prior registration. Any person who has been issued a certificate of registry before January 1, 1959, which is still in effect (i) authorizing him either to sell or purchase articles tax free for use in further manufacture of other articles, or for resale for such use, or (ii) as a producer or importer of gasoline or manufacture or producer of lubricating oil, may, on and after January 1, 1959, and until the temporary rules set forth in this section are superseded by subsequent regulation for tax-free sales and purchases as provided by this section.

(2) Other temporary registration. Any person who is eligible to sell or purchase articles tax free as provided in paragraph (b) of this section and who does not have a prior certificate of registry as referred to in subparagraph (1) of this paragraph may, on and after January 1, 1959, and until the temporary rules set forth in this section are superseded by permanent regulations, make such tax-free sales or purchases in accordance with the following procedure. Such person shall prior to making a tax-free purchase or sale address a communication to the district director for the district in which is located his principal place of business (or if he has no principal place of business in the United States, with the Director of International Operations, Internal Revenue Service, Washington, D. C.) setting forth: (i) his name, or trade name if one is used, and address; (ii) the nature of the business (manufacturer, exporter, reseller for further manufacture, or nonprofit educational organization, etc.); and (iii) a general description of the types of tax-free sales or purchases intended to be made. In the case of a religious institution (other than a church) and a nonprofit educational organization, additional information shall be furnished showing that the institution or organization is exempt from income tax as an institution or organization described in section 501(c)(3) of the Internal Revenue Code (or the correspond-

ing provisions of prior revenue laws). Upon the filing of this information with the district director, the seller or purchase, as the case may be, shall be considered to be temporarily registered for purposes of selling or purchasing articles tax free as indicated in paragraph (b) of this section.

(f) Evidence of tax-free sale. The purchaser shall note on the purchase order or other document furnished to the seller by the purchaser the exempt purpose for which the article or articles are being purchased and the registration number of the purchaser as provided in subparagraph (1) of paragraph (e) of this section, or if the purchaser has temporarily registered as provided in subparagraph (2) of paragraph (e) of this section, the date of such registration and the district director with whom registered.

(g) Failure to register. If either the seller or purchaser is not registered as provided in paragraph (e) of this section, tax-free sale for any of the purposes specified in paragraph (b) of this section may not be made, except as indicated in paragraph (i) of this section. Where tax is paid but the article is used or resold for use for an exempt purpose, a claim for refund may be filed on Form 843, or credit taken on a subsequent return, in accordance with the provisions of section 6402(a) or 6416, as the case may be.

(h) Duty of seller to ascertain use of registration or exemption certificate. A manufacturer or reseller making a sale for a tax-free purpose as provided by this section must use reasonable diligence to satisfy himself that the tax-free sale is warranted by law. If the manufacturer has knowledge at the time of his sale that the article sold by him is not intended for use or resale as indicated by the purchaser, the manufacturer is liable for the tax and is not relieved of liability by reason of the registration of the purchaser or the furnishing of an exemption certificate or statement by the purchaser.

(i) Exceptions to the requirement for registration—(1) State and local governments. A state or local government purchasing articles direct from the manufacturer for its exclusive use may, but is not required to, register as provided in this section of the regulations. To establish the right to sell articles tax free to a State or local government which is not registered, the manufacturer must comply with the provisions of § 314.24 of Regulations 44 (26 CFR (1939) Part 314) and § 316.24 of Regulations 46 (26 CFR (1939) Part 316), as prescribed under and made applicable to the Internal Revenue Code of 1954 by Treasury Decision 6091, 19 F.R. 5167, August 17, 1954.

followed with regard to its bumper sales (Interrogatories 30–32). Thus, the taxpayer cannot claim the "further manufacture" exemption because it has not followed these reporting procedures required by the regulations. In addition in subsection (g) of Temporary Regulations § 148.1–3, the necessity of registration in order to qualify for the exemption is reiterated:

> If either the seller or purchaser is not registered as provided in paragraph (e) of this section, tax-free sales for any of the purposes specified in paragraph (b) of this section may not be made. . . .

Having failed to register, the taxpayer-plaintiff is precluded by both the statute and the regulations from claiming the benefit of the "further manufacture" exemption.

The registration requirements as set forth in the Temporary Regulations and the statute serve an important function in the excise tax framework. As noted above, the excise tax is based on sale, not on use. When an exemption is made on the basis of the *use* of an otherwise taxable article, the task of administering the tax becomes virtually impossible unless the taxpayer shoulders the burden of keeping track of which taxable articles are exempted by virtue of the use to which they are eventually put by the purchaser. *See e.g. Pacific Car and Foundry Co. v. United States*, 420 F.2d 905, 907, 912 (9th Cir. 1969). Accordingly, §§ 4221, 4222 and Temporary Regulation § 148.3–1 provide for detailed registration, time limits,[5] and complete record keeping. The useful function of these provisions and regulations should not be nullified through the circumvention of a refund when no registration has occurred. The plaintiff's claim to the "further manufacturing" exemption fails as a matter of law.

The final argument of the plaintiff is that the excise tax is unconstitutional as applied in this case because it is nonuniform in its treatment of similarly situated bumper manufacturers. In essence the plaintiff asserts that there is no rational basis for statutorily distinguishing between it and other manufacturers who are required to pay no tax upon the sale of their bumpers to truck manufacturers.

■ Traditionally, both Congress and state legislatures have been given wide latitude in the classification of persons or property to be taxed. *Steward Machine Co. v. Davis*, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937); *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937). If a statutory classification or exemption distinguishes among groups upon a rational basis and the differing treatment has a fair and substantial relationship to the object of the legislation, then the law meets constitutional standards. *Kahn v. Shevin*, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974).

■ In this case the source of the differing treatment between the plaintiff and other bumper manufacturers is simply that the latter group had registered for and obtained the "further manufacture" exemption from the Secretary while the plaintiff had not. As discussed above, the registration system serves an important purpose in that it makes the collection of the tax administratively possible. Hence there is clearly a rational basis for distinguishing between the registered and the unregistered taxpayer. Administrative convenience has long been considered a constitutionally permissible basis for allowing exemptions. *Carmichael, supra,* 301 U.S. at 511, 57 S.Ct. at 873, 81 L.Ed. at 1254; *New York Rapid Transit Corp. v. New York*, 303 U.S. 573, 580, 58 S.Ct. 721, 82 L.Ed. 1024, 1031 (1938). Without the registration system as set forth in § 4222, the "further manufacture" exemption would be difficult, if not impossible, to administer. Therefore the registration requirement and consequent differing statutory treatment of the registered and unregistered taxpayer has a fair and substantial relationship to the object of excise tax legislation and is clearly constitutional.

The plaintiffs remaining constitutional attacks on the tax are without merit.

---

5. Section 4221(b) requires proof of the tax-free sale within six months from the date of sale.

Accordingly, the plaintiff's claim for a refund is denied and the motion of the defendant for a partial summary judgment is granted.