**THOMASVILLE AUTOMOTIVE PARTS, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 77–3258.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1980.

Harry W. Hicks, Jr., William Scrantom, Jr., Columbus, Ga., for plaintiff-appellant.

Denver L. Rampey, U.S. Atty., Macon, Ga., M. Carr Ferguson, Atty. Gen., Gilbert E. Andrews, Act. Chief, Appellate Section, Richard W. Perkins, Atty., James A. Riedy, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TUTTLE, VANCE and KRAVITCH, Circuit Judges.

TUTTLE, Circuit Judge:

The taxpayer appeals from a summary judgment in favor of the Internal Revenue Service in a suit for refund of manufacturer's excise taxes paid for the period from the second quarter of 1970 through the first quarter of 1974.

The following statement of facts is taken from the appellant's brief in this Court:

Historically, in the truck industry, manufacturers of one-half and three-quarter ton truck chassis have not attached and sold bumpers in connection with the sale of the truck. At the time the customer purchases the truck from the retail truck dealer, he determines whether his use will justify the purchase of a bumper and, if so, he purchases the specific type of bumper he needs as an added accessory from the truck dealer. The dealer then installs the truck bumper upon the chassis of the truck.

Truck chassis manufacturers do sell truck bumpers for use with their chassis; however, a satellite industry has grown up of independent firms which manufacture and sell bumpers designed for use with the various manufacturers' truck chassis. The bumpers sold by these independent bumper manufacturers may offer designs or features not provided by the chassis manufacturer or may offer a comparable product selling for less.

Since April 1970, when Thomasville was incorporated, it has manufactured such bumpers. The basic design of the bumper is standard with variations demanded for the particular chassis to which the bumper is to be attached. The bumper has two arms designed to meet the particular manufacturer's specifications in length, spacing and location of the two mounting holes in each arm. The retail truck dealer installs the bumper by aligning the mounting holes on the arms with the drilled holes on the truck chassis and attaching the arms with four mounting bolts. Ninety-seven percent of the bumpers sold by Thomasville are retailed by dealers in connection with the sale of light-duty trucks, which are acquired by the dealers from someone other than Thomasville, such as General Motors, Ford, Dodge or Datsun.

Whether the course of conduct outlined in the foregoing statement of facts subjected Thomasville to the manufacturer's excise tax must, of course, be determined by application of the sections of the Internal Revenue Code dealing with such actions. The parties do not contest the fact that under the appropriate subsection of 26 U.S.C. § 4061(b) Thomasville, as a manufacturer of bumpers to be attached to pickup trucks would be subject to the tax unless it should fall within some exemptions. Section 4221 exempts from taxation articles sold for further manufacture. Thomasville contends that its sales to the retail automobile dealers for their attachment to the automobiles they had purchased from the manufacturers was a sale for further manufacture. For the purpose of this appeal, the trial court assumed that this contention was correct. Although the Government makes a half-hearted effort to have us hold on the statement of facts outlined above, that this was not further manufacture by the retail dealers, it argues its case upon the same assumption as was made by the trial court, to wit, that the sales by Thomasville to the dealers was a sale for further manufacture.

The United States then meets the manufacturer's contention that it is exempt from the tax by reason of a sale for further manufacture by pointing to § 4222 which provides as follows:

(a) *General Rule.*—Except as provided in subsection (b), section 4221 shall not apply with respect to the sale of any article unless the manufacturer, the first purchaser, and the second purchaser (if any) are all registered under this section. Registration under this section shall be made at such time, in such manner and form, and subject to such terms and conditions, as the Secretary or his delegate may by regulations prescribe. A regis-

tration under this section may be used only in accordance with regulations prescribed under this section.

The taxpayer concedes that it did not register as required by this section. Neither did its purchasers. However, the taxpayer contends that further sections of the Code, dealing with refund of "certain taxes on sales and services," made provisions for the obtaining of a refund if taxes which were not due were actually paid and the taxpayer had failed to register under § 4222. The statutes relied upon by the taxpayer are § 6402—Authority to Make Credits or Refunds and § 6416(a)—Condition to Allowance.

Section 6402 provides:

(a) *General Rule.*—In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

This section does not create any right of recovery except "in case of any overpayment." We must look elsewhere to decide whether such an overpayment existed here. Taxpayer relies then on § 6416(a) which provides:

(1) General Rule.—No credit or refund of any overpayment of tax imposed by . . . chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary or his delegate, that he—

(A) has not included the tax in the price of the article, with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article; . . .

The taxpayer contends that had it been given an opportunity for a trial it would have established the fact that it has not included the tax in the price of the article, with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article.

The difficulty with this argument is that by § 6416(b), immediately following the quoted language, the manufacturers taxes here are excluded from the terms of § 6416(a)(1). This exclusion is contained in the following language:

(2) Exceptions.—This subsection shall not apply to . . .

(B) an overpayment of tax under paragraph (1), 3(A) or (B), or (5) of subsection (b) of this section.

The reference to paragraph 3(B) indicates that it defines the manufacturers excise tax on parts to be used for further manufacture. Thus, the language of § 6416 relied upon by the taxpayer is not applicable here at all. Instead, § 6416(b)(3)(B) contains a provision, not discussed by the taxpayer in its brief, that clearly denies to the taxpayer the right to obtain a refund as for an overpayment of the tax paid. This section is as follows:

(3) Tax-paid articles used for further manufacture, etc.—If the tax imposed by chapter 32 has been paid with respect to the sale of any article by the manufacturer, producer or importer thereof and such article is sold to a subsequent manufacturer or producer before being used, such tax shall be deemed to be an overpayment *by such subsequent manufacturer or producer* if . . .

(B) in the case of a part or accessory taxable under section 4061(b), such article is used by the subsequent manufacturer or producer as material in the manufacture or production of, or as a component part of, any other article manufactured or produced by him; . . .

Here, then, the statute provides that the payment by a manufacturer of a tax which, upon proper registration would not be due, may be deemed to be an overpayment, but only "by such subsequent manufacturer or producer." That, of course, would mean the automobile dealer to whom Thomasville sold the bumpers to be incorporated by further "manufacturing" by the retail dealer.

Another part of the statute not mentioned by the taxpayer is § 4223. This

section entitled "Special Rules Relating to Further Manufacture" provides as follows:

> (a) Purchasing Manufacturer to be treated as the Manufacturer.—For purposes of this chapter, a manufacturer or producer to whom an article is sold or resold free of tax under section 4221(a)(1) for use by him in further manufacture shall be treated as the manufacturer or producer of such article.

Although Thomasville did not in its brief discuss the question as to who was entitled to treat the paid tax as an overpayment, it did so on oral argument. However, that argument was based entirely upon the language contained in § 6416(a)(1) which referred to the obligation of "the person who paid the tax" to establish certain things. We have shown above that § 6416(b)(2) expressly stated that this language contained in § (a)(1) is not applicable to the particular tax with which we are concerned here. When we consider the clear statement of § 6416 that the tax paid by a manufacturer under the circumstances that existed here are to be deemed to be an overpayment by the second manufacturer, together with the general provision contained in § 4223 that where one manufacturer sells his article tax-free to another, the second manufacturer shall be treated as the manufacturer of the article, the law is perfectly symmetrical. In the case of the automobile manufacturer who acquires manufactured parts to incorporate in the finished automobile the submanufacturers are subject to no tax. It is only the finished automobile which contains all of the parts applied by the subs that is subject to the excise tax. Here, Thomasville seeks to put itself in the same status as the subs furnishing parts to the automobile manufacturer, but in such case the statute says that the automobile manufacturer, or in this instance, the automobile dealer who under Thomasville's theory becomes a subsequent manufacturer is the person entitled to a refund if there has been an overpayment of the tax.

■ The best appellant can do is to ask us to construe the statute in some manner that would permit Thomasville to claim the refund instead of that right being restricted to the dealer, the final manufacturer. The contention is that it is unrealistic to deprive the person who paid the tax of the right to seek a refund. It is not our prerogative to question the purpose of Congress in making this provision. It is evident that for all purposes of this Act, Congress sought to place all the burdens and all the corresponding benefits not on the first manufacturer of a component part but on the final manufacturer.

■ We conclude that the trial court correctly determined that the taxpayer could not recover for the tax it paid without qualifying under the registration provision of the statute since it did not come within the provision allowing the recovery of an overpayment by the automobile dealer who, under the terms of the appropriate sections, became the manufacturer of the article.

The judgment is AFFIRMED.