## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Raymond M. Barrett
t/a Cardinal Court Club

v.

Virginia Electric and Power Co.
and City of Virginia Beach

August 26, 1983

Case No. (Law) 11,451

By JUDGE BERNARD G. BARROW

This is a petition to correct an erroneous assessment of local taxes. It questions whether a consumer utility tax can be applied separately to two separate bills for two separate electrical services provided to a single building. I have concluded it can.

The plaintiff is doing business in Virginia Beach and in late 1977 requested Virginia Electric and Power Company (VEPCO) to supply a three phase four wire 208Y/120 volt electrical service to his building. VEPCO agreed to do so; however, at the time service was to be installed VEPCO found that it was unable to provide the requested service and instead provided an 800 amp single phase 120/140 volt service.

In September, 1978, the plaintiff expanded his building and again requested VEPCO to provide an 800 amp three phase four wire 208Y/120 volt service. It was installed, and the plaintiff now receives two separate bills from VEPCO, one for each of the electrical lines.

Since January, 1979, the Local Consumer Utility Tax has contained a ceiling which limits the tax imposed on "any single utility service to a commercial. . . purchaser." Each of the bills exceeds the ceiling. Thus, the plaintiff has had to pay the maximum imposed on each bill. If both lines of service were billed on a single

bill, or if an 800 amp three phase four wire 208Y/120 volt service had been installed initially so that only a single line of electrical service entered the premises, only one ceiling would be applicable and only one maximum tax would be paid.

Through September, 1981, a tax of $48.00 per month was imposed and collected with respect to each separate bill for each separate line of service. Thus, a total of $96.00 per month was collected from the plaintiff. In September, 1981, the tax provision was amended and the maximum tax was increased to $80.00 per month; therefore, since October, 1981, the plaintiff has paid two separate taxes of $80.00 each for a total of $160.00 per month.

The City Ordinance imposes the maximum tax on "any single utility service," Virginia Beach, Va., Code Section 35-115(b) (1981), and the term "utility service" is defined as a telephone, electric, water, or gas service "for which the purchaser is rendered a separate invoice by the seller." Virginia Beach, Va., Code Section 35-114 (1981).

In those instances where two separate lines of service enter a single location and are billed on a single bill, only one tax is imposed. In one instance a large mall, containing 120 or more stores, receives electric service through a single meter. A single bill is sent to the landlord and only one consumer utility tax up to the maximum of $80.00 per month is imposed.

The Consumer Utility Tax is collected by the utility for the City. It is billed to the consumer on the bill he or she receives from the utility. The consumer in turn pays the tax along with the bill for utility service to the utility. The utility then forwards the tax collected to the City.

The Equal Protection Clause of the 14th Amendment to the United States Constitution requires that a tax classification resulting in the imposition of a different tax on two different taxpayers must be "neither capricious nor arbitrary" and must rest upon "some reasonable consideration of difference or policy." *Virginia Electric & Power Co.* v. *Commonwealth*, 174 Va. 316 (1940). However, if a statutory classification or exemption distinguishes between two different taxpayers upon a rational basis and the different treatment has a fair and substantial relationship to the object of the legislation, then it

is constitutionally permissible. *Kahn* v. *Shevin*, 416 U.S. 351 (1974).

The City Council chose to define utility service as that service for which a consumer is rendered a separate invoice because of administrative convenience. The minutes of the City Council meeting of September 28, 1981, contain a discussion indicating that the electric utility serving the City does not have the administrative capability to apply the tax ceiling to the total charges contained on more than one bill.

Administrative convenience in the collection or measurement of a tax is a constitutionally permissible basis for allowing different treatment of different taxpayers. *New York Rapid Transit Corp.* v. *City of New York*, 303 U.S. 573 (1938); *Carmichael* v. *Southern Coal and Coke Co.*, 301 U.S. 495 (1937); and *Thomasville Automotive Parts, Inc.* v. *United States*, 429 F. Supp. 133 (M.D. Ga. 1976). The disparity of which the petitioner complains results from a legislative decision based on administrative convenience in the collection of the tax.

This Court has no authority to intervene in a legislative policy decision made within constitutionally permissible limits. Therefore, the relief sought by the petitioner must be denied.