**DILLON RANCH SUPPLY, a Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CV–77–7–Bu.

United States District Court,
D. Montana,
Butte Division.

April 18, 1983.

John R. Kline of Kline & Niklas, Helena, Mont., for plaintiff.

George Darragh, Asst. U.S. Atty., Butte, Mont., Jeffrey D. Snow, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AMENDING FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM D. MURRAY, Senior District Judge.

This case has been remanded for further proceedings by order of the Ninth Circuit Court of Appeals in *Dillon Ranch Supply v. United States*, 652 F.2d 873 (9th Cir.1981). In its prior order, this court determined that plaintiff was entitled to a refund of excise taxes paid to the defendant on certain trailers and accessories sold by the plaintiff. The time period in question, during which the disputed taxes were assessed, extends from the fourth quarter of 1972 through the second quarter of 1975.

As the Ninth Circuit points out, this court gave too little consideration to the applicability of both the revenue regulations in force during the time period when the taxes were assessed (the prior regulations) and to those promulgated since that time which

are currently in effect (the revised regulations). Instead this court placed principal reliance upon the exceptions to I.R.C. § 4061 contained in I.R.C. § 4063(a)(2), even as to the trailers themselves. As the Ninth Circuit points out, "Section 4063(a)(2) of the Internal Revenue Code covers only bodies, parts or accessories and does not, by its own terms, apply to vehicles or chassis."

Additionally, the Ninth Circuit found it inappropriate for this court to have drawn conclusions pertaining to the taxability of the articles involved based upon findings as to their primary use. "The test for taxability under § 4061(a)(1) is primary *design*, not primary *use*, under both the old and new Treasury Regulations."

The accessories in question are the cattle racks, haying attachments and grain boxes sold for use with the Maverick trailers. The court found that the cattle racks and haying attachments were exempt from the tax but failed to make a finding as to the grain boxes. The government has not appealed the finding as to the haying attachments.

## II .

The Ninth Circuit's opinion in this case contains a thorough review of I.R.C. § 4061, the applicable statutory exception thereto, and the prior and revised regulations promulgated thereunder. This court too has reevaluated these provisions as well as the evidentiary and argumentative record herein. As to the prior regulations the Ninth Circuit stated:

> The prior regulations [§ 48.4061(a)–1 (as promulgated by T.D. 6648, 1963–1 Cum.Bull. 197)] may be determinative of this case to the extent such regulations "unequivocally resolve" the question of taxability under Section 4061(a)(1).

*See:* § 48.4061(a)–1(d)(3) (revised regulations).

Section 48.4061(a)–1(d) (prior regulations) provides *inter alia* that "[a] chassis or body specified in Section 4061(a) . . . which is not designed for highway use is not subject to the tax imposed by such section." The Ninth Circuit's opinion herein sets forth the two prong test heretofore employed in order to determine the taxability of an article under the prior regulations.

The first test was whether a chassis or body was primarily designed "for purposes of transportation over the public highways." If the vehicle was determined to be primarily designed for transportation over the public highways, the vehicle was taxable. The second test was employed if no primary design was evident and the chassis or body was designed for both on-highway and off-highway use. The vehicle would be taxable under this test unless the designed highway use was "merely incidental" to its non-highway function.

Section 48.4061(a)–1(e)(3) provides: A farm wagon primarily designed for use on farms, although it may be used on the highway, illustrates a type of vehicle which is not a trailer within the meaning of Section 4061(a)."

## III

As has already been alluded to, this court made several findings of fact concerning the use to which the trailers and accessories were put. Additionally, in Conclusion of Law IV, this court found as a matter of law, that the trailers are farm wagons "primarily designed for use on farms, although they may be used on the highway." The court now finds as a matter of *fact* that the Maverick trailers here involved were primarily designed to perform non-highway functions, particularly for use on farms, although they are suitable for use on the highways.

The court finds as a matter of *law* that based upon this finding that the Maverick trailers are not taxable as falling under the provisions of Sections 48.4061(a)–1(d) and (e)(3). As to the trailers themselves, the prior regulations unequivocally resolve the issue as to their taxability under I.R.C. § 4061.

## IV

This court has found that the haying attachments were not taxable and this con-

clusion was not appealed. The court reaffirms its conclusion that these accessories are exempted from the tax by virtue of I.R.C. § 4063(a)(2). For the same reason and by the same authority, the court now finds, both as a matter of fact and of law, that the grain boxes here involved are exempt from the tax imposed by I.R.C. § 4061.

## V

██ Upon a reconsideration of the issue of the taxability of the stock racks here involved the court now finds that they, unlike the other accessories, do not qualify for an exemption under the applicable revenue statutes or regulations. The Ninth Circuit has indicated that if these accessories are exempt at all it must be per force of § 4063(a)(2). The court finds that the cattle racks are not designed to haul feed, seed or fertilizer to and on farms within the meaning of § 4063(a)(2) I.R.C.

## VI

To the extent that they are consistent with the findings hereinabove made and the conclusions hereinabove reached, the findings and conclusions heretofore filed by this court in this matter are readopted and reaffirmed.

## VII

Counsel for the plaintiff is directed to prepare, serve on opposing counsel, and lodge with the clerk a form of judgment in accordance with the Findings of Fact and Conclusions of Law as amended hereinabove as provided in Rule 14(d) of the Rules of this Court.