**STORALL MANUFACTURING COMPANY, INCORPORATED, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. J–C–82–40.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Feb. 9, 1984.

Robert I. White, Houston, Tex., for plaintiff.

Lawrence Sherlock, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Storall Manufacturing Co., Inc. ("Storall") has sued to recover excise taxes paid to the United States based on its sales of pickup truck storage boxes in 1978, 1979 and 1980. Storall contends that its sales of the boxes are exempt from the excise tax imposed under 26 U.S.C. § 4061(b)(1) due to the nature of the vehicles on which the boxes are installed. The United States disagrees and has moved for summary judgment.[1] For the reasons stated below, the motion will be granted.

[1.] The United States originally filed a motion for *partial* summary judgment since it did not intend to address the other claim raised by plaintiff—that it is entitled to use a "constructive sales price" in computing its tax liability. After the motion was filed, the plaintiff conceded it was not entitled to use such a "constructive sales price." Therefore the only remaining issue in the case is that posed in the pending motion.

## I. FACTS

Storall is an Arkansas Corporation located in Jonesboro, Arkansas. From 1978 through 1980 Storall manufactured, sold—and paid a total of $1,081,968.43 in federal excise taxes on—storage boxes that are designed primarily for use as "parts or accessories"[2] on "pickups", otherwise known as "pickup trucks". As will be discussed below, the proper designation of the vehicle is critical to the outcome of this case: if a "pickup" is deemed to be a "passenger automobile" no excise taxes were due; if, however a "pickup" is deemed to be an "automobile truck", then the taxes were properly due.

On April 15, 1981, Storall filed timely claims for refund of the excise taxes. Because the Internal Revenue Service took no action on the refund request, Storall filed this suit. Storall's argument may be paraphrased as follows:

First, although parts and accessories used on "automobile trucks" were subject to excise tax during the 1978 to 1980 period, parts and accessories used on "passenger automobiles" were exempt.

Second, Storall manufactures a "part or accessory"—storage boxes—that are affixed to the beds of pickups.

Third, pickups are "passenger automobiles", not "automobile trucks" for purposes of 26 U.S.C. § 4061.

Fourth, since its product is used on "passenger automobiles", it is exempt from excise taxes and Storall is consequently entitled to a refund of the excise tax it paid, plus statutory interest.

The United States has no quarrel with the first two prongs of Storall's argument. It contends, however, that pickups are

[2.] In answers to requests for admissions Storall concedes that its product is a "part or accessory" within the meaning of § 4061(b). Therefore, there is no issue regarding design or use of the storage boxes. *Cf. King Trailer Co. v. United States*, 228 F.Supp. 1013 (C.D.Calif.1964), *aff'd*, 350 F.2d 947 (9th Cir.1965) (genuine issue whether "pickup coach" is an "accessory" under the statute).

"automobile trucks" not "passenger automobiles" under section 4061 and, accordingly, that sales of Storall's boxes for installation on pickups are subject to the eight percent tax set forth in section 4061(b)(1).

## II. APPLICABLE STATUTE

The version of section 4061 that was in effect during the three years in question provided in pertinent part:

Section 4061. IMPOSITION OF TAX

(a) Trucks, buses, tractors, etc.—

(1) Tax imposed.—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax of 10 percent of the price for which so sold ...—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck and bus trailer and semitrailer chassis.

Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

A sale of an automobile truck, bus, truck, or bus trailer or semitrailer shall, for the purposes of this subsection, be considered to be a sale of a chassis and of a body enumerated in this subsection.

(2) Exclusion for light-duty trucks, etc.—The tax imposed by paragraph (1) shall not apply to a sale by the manufacturer, producer, or importer of the following articles suitable for use with a vehicle having a gross vehicle weight of 10,000 pounds or less (as determined under regulations prescribed by the Secretary)—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck trailer and semitrailer chassis and bodies, suitable for use with a trailer or semitrailer having a gross vehicle weight of 10,000 pounds or less (as so determined).

(b) Parts and accessories.—

(1) Except as provided in paragraph (2), there is hereby imposed upon parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a)(1) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold ....

(2) No tax shall be imposed under this subsection upon any part or accessory which is suitable for use (and ordinarily is used) on or in connection with, or as a component part of, any chassis or body for a passenger automobile, any chassis or body for a trailer or semitrailer suitable for use in connection with a passenger automobile, or a house trailer.

The general taxing scheme in section 4061 may be summarized as follows: Section 4061(a) applies to the *original* sale of certain vehicles; section 4061(b) applies only to the sale of parts and accessories *after* the original sale of the vehicles. In general, section 4061(a) imposes a ten percent manufacturer's excise tax on all truck, bus, and tractor bodies and chassis (including parts and accessories sold simultaneously therewith). The general rule, however, is subject to a special exemption in section 4061(a)(2) for light-duty trucks, i.e., those whose gross weight is no greater than 10,000 pounds, and certain lightweight trailers and semitrailers. Thus, bodies, chassis, and parts and accessories sold with these exempt vehicles are not assessed the ten percent tax.

Transactions involving the sale of parts and accessories *after* the original sale of the vehicle are, as noted above, dealt with in section 4061(b). Simply stated, the provision imposes an eight percent excise tax on truck, bus and trailer parts or accessories, sold after the original sale of the vehicle—regardless of the size of the truck. This provision, too, is subject to a special exemption in section 4061(b)(2) on "any

part or accessory which is suitable for use ... on or in connection with ... any chassis or body for a passenger automobile, any chassis or body for a trailer or semitrailer suitable for use in connection with a passenger automobile ...." Parts and accessories for house trailers are also specifically exempt.

## III. DISCUSSION

In this case, the critical portion of the statute is section 4061(b). The pivotal issue is whether Storall's product falls within section 4061(b)(1) or section 4061(b)(2). This question, in turn, stems from a problem of definition: Do pickups, on which Storall's boxes are installed, qualify as "passenger automobiles" or are they "automobile trucks"? Under the circumstances of this case, only if the pickups can be deemed "passenger automobiles" will Storall's sales be exempt from the excise tax.

The statute, itself, contains no explicit definition of the two terms. Indeed the Court notes that neither the statute nor the regulations promulgated thereunder, *see* 26 C.F.R. § 48.4061(a)–1 to § 48.4061(b)–1 (1980), make it absolutely clear whether pickups are to be categorized as "passenger automobiles" or as "automobile trucks". *See* 26 C.F.R. § 48.4061(a)–3. Of course, on the one hand, the traditional, ordinary, and vernacular categorization of a pickup as a "truck" (e.g., the term "pickup truck") strongly supports the position taken by the United States.

On the other hand, a group of cases that arose in other, non-tax, contexts can be cited to support the view that a pickup *can* be a passenger automobile. For example, as noted in *Coleman v. M.F.A. Insurance Co.,* 3 Ark.App. 7, 10, 621 S.W.2d 872, 873 (Ct.App.1981), "A pickup truck has been found to be a dual purpose automobile designed and used for carrying passengers and for transporting goods and therefore may be a 'private passenger automobile' within the meaning of an insurance policy." *See also Fidelity & Casualty Co. v. Martin,* 66 F.2d 438 (9th Cir.1933); *Aetna Life Insurance Co. v. Bidwell,* 192 Tenn. 627,

241 S.W.2d 595 (1951). Of course, most "trucks" are designed to, and do, carry passengers. But while this circumstance may be compelling in interpreting an insurance contract, it provides little guidance here.

▮▮▮ The dispositive question is whether in enacting section 4061, *Congress* meant to extend the tax exemption included in section 4061(b)(2) to parts and accessories sold in connection with pickups. *See* Sands, *III Sutherland Statutory Construction* § 66.03, at p. 188 (4th ed. 1974). Since summary judgment is such a "drastic" remedy, the Court must cautiously review the pleadings, admissions, answers to interrogatories, and affidavits to ascertain whether any genuine issue of material fact remains. Indeed, as the Eighth Circuit has observed in one tax case, summary judgment

> should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy. * * * The moving party must overcome a heavy burden and the evidence is viewed in the light most favorable to the nonmoving party. The court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the facts.

*Snell v. United States,* 680 F.2d 545, 547 (8th Cir.) (citations omitted), *cert. denied,* 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982). Moreover, in carrying out its review of a tax case such as the one at bar, a court must also remain cognizant of the general rule for construing tax statutes: doubts about the statute's application to a taxpayer must be resolved in favor of the taxpayer. *See* Sands, *supra* at § 66.01 p. 179. Yet a clear corollary to that rule is that *exemptions* from taxation, being a matter of legislative grace, must be narrowly construed. *Bingler v. Johnson,* 394 U.S. 741, 751–52, 89 S.Ct. 1439, 1145–46, 22 L.Ed.2d 695 (1969); *Desco Products Caribbean, Inc. v. Government of the Virgin Islands,* 511 F.2d 1157, 1159 (3d Cir.1975). Since Storall is seeking to gain the benefit of the tax exemption, the Court must evalu-

ate the case in the context of *Bingler.* After a review of the statute, its legislative history, and relevant caselaw, the Court must conclude that no genuine issue of material fact exists. Because the Court concludes that Congress did *not* intend to include pickups under the tax exemption reserved for "passenger vehicle", summary judgment must be granted for the United States.

### A. *Legislative History*

1. *Pre-1972 Tax on Chassis and Bodies:*
   § 4061(a)—

The legislative history of section 4061 reveals that Congress did *not* intend to bring parts and accessories for pickups within the exception. Prior to 1971, when the statute was amended to the version that applies in this case, *see* Pub.L. 92–178, § 401, 85 Stat. 530, 533 (1971), section 4061 taxed the chassis and bodies of all vehicles. Nevertheless two categories were created. The first applied to automobile trucks, automobile buses, truck trailers, truck semitrailers, bus trailers, bus semitrailers and highway tractors. This category was taxed at a 10 percent rate. A second category applied to all other automotive vehicles (as well as to trailers and semitrailers used with passenger automobiles). This latter category was taxed at a descending rate ranging from seven to one percent, depending upon the year in which the article was sold. In short, the tax on chassis and bodies for vehicles falling in the second category was simply designed to phase out gradually so that after 1981, there would be no tax. The language of section 4061(a) prior to 1972 read as follows:

Section 4061. IMPOSITION OF TAX

(a) Automobiles.—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

(1) Articles taxable at 10 percent, except that on and after October 1, 1977, the rate shall be 5 percent—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck and bus trailer and semitrailer chassis.

Truck and bus trailer and semitrailer bodies.

Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of a chassis and of a body enumerated in this paragraph.

(2)(A) Articles enumerated in subparagraph (B) are taxable at whichever of the following rates is applicable:

| If the article is sold — | The tax rate is — |
| --- | --- |
| Before January 1, 1973 | 7 percent |
| During 1973 | 6 percent |
| During 1974, 1975, 1976 or 1977 | 5 percent |
| During 1978 | 4 percent |
| During 1979 | 3 percent |
| During 1980 | 2 percent |
| During 1981 | 1 percent |

The tax imposed by this subsection shall not apply with respect to articles enumerated in subparagraph (B) which are sold by the manufacturer, producer, or importer, after December 31, 1981.

(B) The articles to which subparagraph (A) applies are:

Automobile chassis and bodies other than those taxable under paragraph (1).

Chassis and bodies for trailers and semitrailers (other than house trailers) suitable for use in connection with passenger automobiles.

A sale of an automobile, or of a trailer or semitrailer suitable for use in connection with a passenger automobile, shall, for the purposes of this paragraph, be considered to be a sale of a chassis and of a body enumerated in this subparagraph.

2. *Pre-1972 Tax on Parts & Accessories:* § 4061(b)—

A similar taxing scheme was set up for parts and accessories in the pre-1972 statute. Parts and accessories for all vehicles included in the first category—section 4061(a)(1)—were subject to an eight percent excise tax. Nevertheless, parts and accessories for vehicles covered under the second category—section 4061(a)(2)—were specifically exempt from the eight percent excise tax. The provision read:

(b) Parts and accessories.—

(1) Except as provided in paragraph (2), there is hereby imposed upon parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a)(1) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, except that on and after October 1, 1977, the rate shall be 5 percent.

(2) No tax shall be imposed under this subsection upon any part or accessory which is suitable for use (and ordinarily is used) on or in connection with, or as a component part of, any article enumerated in subsection (a)(2) or a house trailer.

3. *Comparison of the Old and New Versions of Section 4061:*

From a comparison of the old and new versions of the statute, one can discern an important change. Obviously, passenger automobiles—i.e., "cars"—were no longer subject to the excise tax on bodies and chassis. But importantly, the 1971 amendment added a special accommodation for "light-duty trucks". *See* section 4061(a)(2), *as amended by* Pub.L. 92–178, § 401(a), 85 Stat. 530 (1971), *quoted in* Part II *supra.* In the same way in which passenger automobiles had been distinguished from trucks *prior* to 1972, for 1972 and years thereafter the bodies and chassis for any automobile trucks and automobile buses weighing no more than 10,000 pounds were distin-

guished from all heavy-duty trucks, buses and tractors. (Trailers and semitrailers used in conjunction with such light-duty truck and buses were also tax exempt.) Congress specifically exempted such light-duty vehicles from the tax imposed under section 4061(a)(1).

Although the 1971 amendment provided a special exemption for chassis and bodies of light-duty trucks in section 4061(a)(2), the treatment of parts and accessories of light-duty trucks under section 4061(b) remained unchanged by the amendment. As noted above, the new version of section 4061(b)(2) specifically exempted parts and accessories used on "passenger automobiles". It also exempted parts and accessories on house trailers as well as those on trailers and semitrailers that are pulled by "passenger automobiles". Nevertheless, parts and accessories on light-duty trucks remain subject to the excise tax imposed under section 4061(b)(1).[3] In short, although Congress equalized the treatment of passenger automobiles and light-duty trucks for purposes of section 4061(a), it retained the distinction between passenger automobiles and *all* trucks, including light-duty trucks, for purposes of section 4061(b).

4. . *The Luben Decision:*

The Ninth Circuit recently observed the significance of these legislative developments in a case that directly applies here. In *Luben Industries, Inc. v. United States,* 707 F.2d 1037 (9th Cir.1983), a manufacturer of accessories (roll bars, push bars and brushguards) for pickup trucks sued to obtain a refund on excise taxes paid on sales made between 1975 and 1977. The manufacturer argued that the section 4061(b)(2) "passenger automobile" tax exemption applies to parts and accessories sold for use with light-duty pickup trucks. In essence, the taxpayer contended that pickup trucks *are* "passenger automobiles" for purposes of section 4061(b)(2). The trial court disagreed and entered summary

---

**3.** Of course if some *other* exemption, such as that in 26 U.S.C. § 4063, applies, then parts and accessories for light-duty trucks will be tax exempt.

judgment in favor of the United States. The Ninth Circuit affirmed, stating that the legislative history demonstrated that light-duty pickups are not "passenger automobiles". It then explained its conclusion:

Prior to 1965, Congress imposed an excise tax on all automobiles and trucks, as well as parts and accessories for both automobiles and trucks. In 1965, Congress narrowed the excise tax by phasing out the excise tax on automobiles and their parts. Subsection (a)(1) was amended to impose an excise tax on only truck bodies and their parts, while subsection (a)(2) phased out the tax on automobiles. Pub.L. No. 89–44, title II, § 201, 79 Stat. 136 (1965). Subsection (b)(1) was amended to impose an excise tax on parts and accessories for (a)(1) vehicles (i.e., trucks), while subsection (b)(2) repealed the tax on parts and accessories for (a)(2) vehicles (i.e., automobiles). 79 Stat. 137.

In 1971, Congress amended § 4061 to its present form. Subsection (a)(2) was amended to exempt from the (a)(1) excise tax light-duty pickup trucks and parts sold in connection with the truck. Pub.L. No. 92–178, title IV, 85 Stat. 530 (1971). Had Congress intended in 1971 to also exempt from excise taxes parts and accessories which were sold after the purchase of the pickup truck, Congress could have done so by leaving subsection (b)(2) untouched; the cross-reference in (b)(2) to (a)(2) vehicles would have exempted parts and accessories for light-duty pickup trucks (i.e., (a)(2) vehicles). However, Congress did amend subsection (b)(2) by deleting the cross-reference to subsection (a)(2) vehicles and inserting "passenger automobiles." 85 Stat. 533. Thus, instead of exempting parts and accessories for (a)(2) vehicles (pickup trucks), Congress exempted from the tax parts and accessories for "passenger automobiles."

Congress' intent to continue the excise tax imposed on parts and accessories for light-duty pickup trucks was made clear in the committee reports to the 1971 amendments. The reports state that although the 10% excise tax imposed by subsection (a) on light-duty trucks, and parts sold with the trucks, was being repealed, the 8% tax imposed by subsection (b) would continue on parts sold separately. S.Rep. No. 92–437, 92d Cong., 1st Sess. at 81, *reprinted in* 1971 U.S. Code Cong. & Ad.News 1825, 1866. This language strongly suggests that Congress did not intend to exempt from the 8% excise tax parts and accessories for light-duty pickups sold subsequently to the sale of the truck.

Finally, the rules of statutory construction support a conclusion that light-duty pickups are not passenger automobiles with respect to the tax exemption for parts and accessories sold subsequently to the sale of the vehicle. The general rule for construing tax statutes is that any doubt in the application of the statute is to be resolved in favor of the taxpayer. However, where the taxpayer attempts to bring itself within a tax exemption, as Luben is attempting to do in this case, doubt is to be resolved in favor of the Government.

*Id.* at 1040–41.

This issue has apparently arisen in only one other case. In *Bristol Corp. v. United States,* 48 A.F.T.R.2d 81–6349 (C.D.Cal. 1980), the trial court found that parts and accessories designed for use on pickup trucks *could* fall under the section 4061(b)(2) exemption by reasoning that pickups could be "passenger automobiles". The decision, however, was subsequently reversed and remanded without opinion by the Ninth Circuit (presumably in light of *Luben*). *Bristol Corp. v. United States,* 714 F.2d 151 (9th Cir.1983).

This Court agrees with the Ninth Circuit's analysis of the legislative history in *Luben.* Of course, the unstated premise in *Luben* is that *prior* to the 1971 amendments, Congress treated pickups as falling within the definition of "automobile trucks" (or any one of the other categories included in the pre-1972 version of section 4061(a)(1)). Obviously, the *Luben* conclusion carries little weight if it appears that

prior to 1972 pickups were not considered to be "automotive trucks" or, alternatively, if, prior to 1972, pickups were considered to be "passenger automobiles". The facts suggest, however, that at no time—either prior to or after 1972—have pickups been deemed to be "passenger automobiles" within the meaning of section 4061.

### 5. *Judicial Application of Section 4061(a)(1) to Pickups*

Prior to 1972, the courts consistently applied section 4061(a)(1) to pickups. In *Herren v. United States*, 317 F.Supp. 1198 (S.D.Tex.1970), *aff'd per curiam*, 443 F.2d 1363 (5th Cir.1971), manufacturers of "pickup covers" (enclosures that were designed to be installed over the beds of pickups) sued to obtain a refund on excise taxes paid under section 4061(b)(1). Two issues were raised: first, whether the "pickup covers" were subject to taxation under section 4061(b)(1) because they were not "parts or accessories"; and second, even if they *were* "parts or accessories" that would normally be subject to the section 4061(b)(1) excise tax, whether they were nevertheless exempt from taxation under a specific exemption for "camper coaches" contained in section 4063(a)(1).[4]

The court rejected both arguments. Particularly relevant to the instant case is the trial court's categorizations of pickup trucks as falling under section 4061(a)(1) and of parts and accessories for such pickups as being taxed under section 4061(b)(1).

> Section 4061(a)(1) imposes a tax on the bodies and chassis of certain motor vehicles *including pickup trucks.* Section 4061(b)(1), the provision upon which the Government relies here, imposes a tax "upon parts or accessories * * * for any of the articles enumerated in section (a)(1) sold by the manufacturer. * * * "

317 F.Supp. at 1200 (emphasis added). Clearly, according to the trial court in *Herren*, pickups were *not* passenger automobiles whose "parts and accessories" would

be exempt from tax under section 4061(b)(2). The Fifth Circuit affirmed "on the basis of the findings of fact and the thoroughly well-reasoned conclusions of the trial court." 443 F.2d at 1364.

A similar situation arose in *20th Century Manufacturing Company v. United States*, 444 F.2d 1109, 195 Ct.Cl. 295 (1971). In that case, a manufacturer of "camper covers" that were "uniquely" designed to be used on pickup trucks, *see id.* at 1111, 1112, 195 Ct.Cl. 295, sued to obtain a refund on excise taxes it had paid pursuant to section 4061(b)(1). The manufacturer claimed that the camper covers were not "parts or accessories" within the meaning of section 4061(b)(1). The court disagreed, stating that:

> For the reason that the unit has no functional value detached from the truck body, we find that the camper cover was designed to be attached to and used in connection with an *automobile truck body.*

*Id.* at 1112, 195 Ct.Cl. 295 (emphasis added). The court consequently sustained the imposition of the excise taxes.

Like *Herren*, *20th Century Manufacturing* supports the view that pickups are not "passenger automobiles", but rather are "automobile trucks" for purposes of the pre-1972 version of section 4061. By the same token, the case buttresses the argument that "parts and accessories" affixed to pickup trucks were deemed taxable under the pre-1972 version of section 4061(b)(1).

■ Finally, a case arising in the Eighth Circuit based on the pre-1972 version of section 4061 supports the view that pickups were subject to excise tax under section 4061(a)(1). In *Fargo Foundry Steel & Manufacturing Co. v. United States*, 415 F.Supp. 1362 (D.N.D.1976), *aff'd*, 553 F.2d 103 (8th Cir.1977) (unpublished opinion), the plaintiff manufactured a portable fuel tank "that was designed primarily to be placed unattached on the bed of a pick-up truck to

---

**4.** Section 4063(a)(1) provided that "the tax imposed under section 4061 shall not apply in the case of articles designed (A) to be mounted or placed on automobile trucks, automobile truck chassis, or automobile chassis, and (B) to be used primarily as living quarters."

haul fuel from either a bulk distributor or a farm storage tank to farm implements in the field for refueling." 415 F.Supp. at 1363. The dispositive question was whether the tanks were "parts or accessories" within the meaning of section 4061(b). Although the plaintiff prevailed, the trial court's conclusion is noteworthy:

> On the facts, the Court concludes the Field Service Units were primarily used in connection with vehicles named in § 4061(a), but that they were [,] in effect [,] the load being transported and had a primary function to serve a purpose unrelated to the vehicle as such. Accordingly, the Field Service Units were not "parts or accessories" within the meaning of 26 U.S.C. § 4061(b), and the Plaintiff is entitled to a refund of taxes and interest paid.

*Id.* at 1364. From the opinion, it is clear that the court made an initial determination that the vehicles in which the tanks were transported—pick-up trucks—fell within section 4061(a)(1), not section 4061(a)(2). *See id.* (quoting only sections 4061(a)(1) and 4061(b)(1) as the "pertinent" statutory provisions). Thus, *Fargo Foundry* also supports the view that pickups simply are not "passenger automobiles" under the statute.

The clear inference is that when Congress amended sections 4061 and 4063 in 1971, it embraced the same interpretation of "pickups" as did the courts in *Herren, 20th Century Manufacturing* and *Fargo Foundry,* and as the Internal Revenue Service did in its pre-1972 revenue rulings.[5] First, the Court must indulge the presumption that Congress was aware of the prior caselaw and revenue rulings. *See United States v. Professional Air Traffic Controllers Organization,* 653 F.2d 1134 (7th Cir.1981), *cert. denied,* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 617 (1981); *Kansas City, Missouri v. Federal Pacific Electric Co.,* 310 F.2d 271 (8th Cir.), *cert. denied,* 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962). Second, the Court cannot ignore

the tenor of Congress throughout the history of the excise tax on truck and automobile chassis, bodies, accessories and parts. *See, e.g.,* Act of June 6, 1932, § 606, 47 Stat. 261–63 (1932). It appears that Congress has always deemed pickups to be "automobile trucks", not "passenger automobiles".

Congress has, for example, historically associated the term "passenger automobile" with what is generically referred to as the "car". *See, e.g.,* H.Rep. No. 533, 92d Cong., 1st Sess., *reprinted in* 1971 U.S. Code Cong. & Ad.News 1825, 1831, 1865; S.Rep. No. 324, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad. News 1690, 1709. Moreover, Congress has frequently recognized a distinction between trucks, including "light-duty trucks" and "passenger automobiles" or "cars". One passage of a 1965 Senate Report underscores these points well:

> The taxable truck or bus part or accessory is one which is not suitable for use (or is not ordinarily used) on or in connection with, or as a component part of, a passenger automobile (or trailer used with a passenger car) or house trailer. Under this definition, parts and accessories which are used interchangeably on automobiles and trucks (or buses) will not be taxed. For example, a battery which ordinarily is used in either an automobile or a light truck will not be taxed as a truck part although a heavy duty battery which ordinarily is used only in a truck will be so taxed.

> It has come to your committee's attention that most manufacturers of light and medium trucks also produce a complete line of passenger cars and that many of the parts and accessories which they manufacture or purchase may be used interchangeably on their trucks and their line of passenger cars. However, there are other manufacturers who produce light and medium trucks which are competitive with the comparable trucks

---

**5.** In several revenue rulings involving parts or accessories for pickups, the Internal Revenue Service treated pickups as falling under section 4061(a)(1). *See, e.g.,* Rev.Rul. 69–84; Rev.Rul. 39, 1960–1 C.B. 406.

produced by the larger group of manufacturers. But these latter manufacturers do not produce any, or produce incomplete, lines of passenger cars which would use the same parts and accessories. As a result, many of the parts and accessories manufactured by these manufacturers are not interchangeably used in their passenger cars. It is your committee's intention that these parts and accessories be deemed "suitable for use" on passenger cars within the meaning of the statute and, therefore, exempt from the truck part tax if they are comparable to parts and accessories of other manufacturers which are interchangeably used in their trucks and passenger cars.

S.Rep. No. 324, 89, Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad. News 1690, 1714. *See also* H.Rep. No. 533, *supra* at 1867.

Other passages in the legislative history of the 1965 amendments to the statute reveal that Congress associated section 4061(b)(2) with "passenger automobiles" or "cars".

Since the 10 percent manufacturers' excise tax is retained for truck and bus chassis, bodies, and trailers, while the rates applicable to passenger car chassis and bodies are gradually reduced to 1 percent, questions may arise with respect to the imposition of tax on the sale of a chassis which may be used interchangeably with either a passenger automobile or truck body. To provide for such cases, both the House bill and your committee's bill amend the statute to provide that the sale of a passenger automobile is to be considered as a sale of a passenger car chassis and of a passenger car body. A similar rule is provided in the case of a sale of a truck or bus.

*Id.* at 1711.

But even more telling evidence of Congress' approach toward the issue arises in connection with the 1971 amendments. It is apparent that Congress determined that light trucks, such as pickups, shared some functional similarities with "passenger automobiles". The Senate Committee Report observed: "These light trucks [under section 4061(a)(2)] to a substantial degree, are used as a means of personal transportation." S.Rep. No. 437, 92d Cong.,. 1st Sess., *reprinted in* 1971 U.S.Code Cong. & Ad.News 1918, 1919. It was the combination of these similarities with the tax's impact on users of light trucks that resulted in the light-duty truck exception in section 4061(a)(2). The Senate Report stated: "The tax on small trucks and the related trailers is repealed in view of the fact that these small trucks are used to a considerable extent by farmers and other individuals for the same purposes as passenger automobiles." *Id.* at 1927. It is therefore clear that Congress reassessed its taxing scheme in light of the similarities between "passenger automobiles" and light trucks, such as pickups.

Admittedly, the legislative history appears to lack an explicit statement that pickups are "automobile trucks" for purposes of section 4061. Yet the implication is obvious.

### B.  *Caselaw After 1971*

Assuming that the history leading up to the 1971 amendments fails to settle the issue, the caselaw arising subsequent thereto appears to eliminate any question.

For example, in *Thomasville Automotive Parts, Inc. v. United States*, 429 F.Supp. 133 (M.D.Ga.1976), *aff'd*, 609 F.2d 1136 (5th Cir.1980), the manufacturer of bumpers, which were installed on pickups, *see* 429 F.Supp. at 134, sued to recover excise tax payments made pursuant to section 4061(b)(1). In granting partial summary judgment for the United States, the trial court observed:

First, does the statute apply to plaintiff-taxpayer's bumper sales? Note the statutory scheme as enacted by Congress.

Section 4061(a)(1) imposes an excise tax on sales by "the manufacturer, producer, or importer" of certain specific articles, to wit: "Automobile truck chassis ... truck bodies ... bus chassis ... bus bodies, truck and bus trailer and semitrailer chassis ... [and] bodies .... Tractors of the kind chiefly used for

highway transportation in combination with a trailer or semitrailer ... [also] A sale of an automobile truck, bus, truck or bus trailer or semitrailer ...."

Section 4061(b)(1) imposes an excise tax upon parts or accessories for the certain specific items enumerated in (a)(1), sold by the "manufacturer, producer, or importer".

The statutory scheme thus provides for an excise tax to be paid by manufacturers, producers, or importers (i) upon a sale of an "automobile truck, bus, truck or bus trailer or semitrailer" and upon the chassis or body of either and upon non-farm tractors, and (ii) upon sales of parts and accessories for such items. The tax is upon the price of the sale by the manufacturer, producer or importer. Clearly the excise tax is thereby imposed upon the sales price of items at the moment of and as sold by manufacturers, producers or importers. Therefore, the plaintiff-manufacturer's sales of bumpers are encompassed by § 4061(b)(1) and subject to taxation unless somehow removed from taxation by another provision.

*Id.* at 136. The court's view is obvious; since pickups are subject to section 4061(a)(1), sales of bumpers used in connection with pickups *must* be subject to the section 4061(b)(1) tax on parts and accessories.

One additional decision deserves mentioning. *Dillon Ranch Supply v. United States,* 652 F.2d 873 (9th Cir.1981), *on remand,* 566 F.Supp. 1022 (D.Mont.1983), discussed the applicability of sections 4061 and 4063 to certain trailers. As the court noted, "Although the trailers were adaptable for use with practically any type and size of pulling vehicle, Dillon Ranch Supply's advertisement emphasized that the trailers were *designed for use by ½ ton, ¾ ton, and 1 ton pick-up trucks as the principal towing vehicle.*" 652 F.2d at 875 (emphasis added). The plaintiff argued that his trailers were exempt under section 4061(b)(2), but stated that if they *were* subject to section 4061(b)(1), their use in connection with farming operations would

bring them within the exemption provided in section 4063(a)(2). In remanding the case to the trial court for further analysis, the Ninth Circuit focused on the applicability of section 4061(a)(1). It is apparent from the opinion that the court believed the issue could turn on section 4061(a)(1), 4061(a)(2) or 4063(a)(2). Interestingly, however, there was no mention of the possible applicability of section 4061(b)(2), which exempts trailers "suitable for use in connection with a passenger automobile." The reason is obvious—½ ton, ¾ ton or 1 ton pickups simply are not "passenger automobiles" within the meaning of section 4061(b)(2).

## IV. CONCLUSION

After reviewing the statute, the applicable regulations, the legislative history, and the applicable caselaw, the Court is left with one inescapable conclusion: the Ninth Circuit in *Luben* was correct. Since pickups are not "passenger automobiles," the parts and accessories installed on pickups fall outside the parameters of section 4061(b)(2). In this case, Storall's products are indisputably "parts or accessories" to be used in connection with pickup trucks. As such, the Court finds as a matter of law that during years 1978 through 1980 those storage boxes were subject to the eight percent excise tax imposed under section 4061(b)(1). The United States' motion for summary judgment must be granted.

It is therefore Ordered that the motion for summary judgment of the United States be, and it is hereby, granted.

It is further Ordered that the plaintiff's complaint be, and it is hereby, dismissed.