**STORALL MANUFACTURING COMPANY, INCORPORATED, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 84–1396.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1984.

Decided Feb. 25, 1985.

Rehearing Denied March 27, 1985.

Robert I. White, Houston, Tex., for appellant.

Michael J. Roach, Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Storall Manufacturing Company, Incorporated filed suit in district court to recover excise taxes it alleges were erroneously assessed and collected. The government filed a motion for summary judgment which was granted. *Storall Mfg. Co. v. United States*, 585 F.Supp. 785 (E.D.Ark. 1984).[1] Storall appeals from the order granting summary judgment and dismissing its complaint. We affirm.

Appellant manufactures and sells steel storage boxes designed to be used with pickup trucks. For the years 1978 through 1980, Storall paid excise taxes imposed under 26 U.S.C. § 4061(b)(1), which places a manufacturer's excise tax on all "parts and

---

**1.** The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.

accessories" used with "automobile trucks." The application of this tax can be summarized as follows:

> I.R.C. § 4061 is composed of four parts. Section 4061(a)(1) *imposes* a 10% manufacturer's excise tax on all truck bodies and chassis (including parts and accessories sold on or with the truck). Section 4061(a)(2) *exempts* from this tax sales of light-duty pickup trucks (and parts sold on or with the truck). Section 4061(b)(1) *imposes* an 8% tax on a part or accessory for a truck if it is sold in a separate transaction. Finally, § 4061(b)(2) *exempts* from the 8% tax sales of parts and accessories suitable for use on a "passenger automobile." The code does not provide a definition of the term "passenger automobile."

*Luben Industries, Inc. v. United States,* 707 F.2d 1037, 1038 n. 1 (9th Cir.1983) (emphasis in original).

Storall asserts that, while its boxes are parts and accessories, excise taxes are not due on their sales because pickup trucks are passenger vehicles, not cargo vehicles, and as such their parts and accessories are exempt from the tax under § 4061(b)(2). Appellant argues that pickups should be so classified through a factual analysis of whether they are generally used for transporting passengers or cargo, and concludes that because pickup trucks are used mainly for carrying passengers, they are passenger vehicles.

Appellant has not precisely framed the issue. The question here is not whether a pickup truck is in fact a passenger vehicle but rather, as the district court stated, "whether in enacting section 4061, *Congress* meant to extend the tax exemption included in section 4061(b)(2) to parts and accessories sold in connection with pickups." *Storall,* 585 F.Supp. at 788 (emphasis in original).

■ Generally, in determining the propriety of an order granting summary judgment, the evidence is viewed in a light most favorable to the nonmoving party, and the movant has the burden of establishing that no genuine issue of material fact remains and the case may be decided as a matter of law. *Fields v. Gander,* 734 F.2d 1313, 1314 (8th Cir.1984); *Snyder v. United States,* 717 F.2d 1193, 1195 (8th Cir.1983); *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). However, the question presented is purely one of legislative interpretation, not one of fact. Since tax exemptions are a matter of legislative grace, and as such are narrowly construed, a party seeking to gain benefit, as appellant does here, carries the burden of demonstrating that the exemption applies to its situation. *Bingler v. Johnson,* 394 U.S. 741, 751–52, 89 S.Ct. 1439, 1445–46, 22 L.Ed.2d 695 (1969); *Holt v. Commissioner,* 364 F.2d 38, 40 (8th Cir.1966); *Luben,* 707 F.2d at 1041; *see* ·*Levy v. Commissioner,* 732 F.2d 1435, 1436 (9th Cir.1984).

■ Appellant has failed to carry this burden. After an exhaustive examination of the statute, its legislative history and the caselaw interpreting this section, the district court concluded that the alterations Congress has made to § 4061 since its enactment, and the discussions surrounding those changes, demonstrate an intent that the exemption for parts and accessories to passenger vehicles not apply to pickup trucks. *Storall,* 585 F.Supp. at 795.

Appellant's arguments do not persuade us that error has been committed; thus on the basis of the district court's well-reasoned opinion, *id.,* we affirm.