51 F.3d 279
 75 A.F.T.R.2d 95-1639, 95-1 USTC P 50,229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William J. EVERY; Marilyn Loy-Every; Matthew R. Every,
Plaintiffs-Appellants,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 94-35848.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants William, Marilyn and Matthew Every appeal the district court's summary judgment in favor of the Internal Revenue Service in the Everys' tax refund action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 The Everys filed a suit against the Exxon Corporation ("Exxon") in Alaska state court seeking damages for losses they incurred as a result of the Exxon Valdez oil spill.[1] The Everys received $83,314.00 from Exxon as a credit in partial settlement of the suit. The Everys paid federal income taxes on this amount and filed an action in district court seeking a refund claiming the amount received was exempt from taxation pursuant to I.R.C. Sec. 104(a). The district court granted summary judgment for the Internal Revenue Service concluding that the Everys failed to demonstrate that the damages they received from Exxon were received on account of personal injuries. The Everys timely appeal.
 
 II
 Standard of Review
 
 5
 "Viewing the evidence in the light most favorable to the non-moving party, we review de novo to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." United States v. Hawkins, 30 F.3d 1077, 1079 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3487 (U.S. Dec. 9, 1994) (No. 94-1041). Under Rule 56, the moving party bears the burden "to show initially the absence of a genuine issue concerning any material fact." Celotex v. Catrett Corp., 477 U.S. 317, 325 (1986) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). This burden may be discharged by "pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id.
 
 
 6
 Once the moving party makes the required showing, the burden shifts to the nonmoving party to come forward with sufficient evidence to demonstrate that there is a triable issue of fact. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256-57 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).
 
 
 7
 The taxpayer has the burden of demonstrating that its accession to wealth is exempted from taxation. Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir.1983). Any doubt as to whether an exemption applies to the taxpayer is to be resolved in the government's favor. Luben Indus., Inc. v. United States, 707 F.2d 1037, 1041 (9th Cir.1983).
 
 III
 Merits
 
 8
 The Everys contend that the district court erred by concluding that they did not fall within section 104(a)(2)'s tax exemption despite the fact that their claim sounded in tort. This contention lacks merit.
 
 
 9
 "[G]ross income does not include ... the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." I.R.C. Sec. 104(a). "The term 'damages received (whether by suit or agreement)' means an amount received through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Tres.Reg. Sec. 1.104-1(c).
 
 
 10
 To come within section 104(a)(2)'s exemption, the taxpayer must show "(1) that the underlying cause of action was tort-like within the meaning of United States v. Burke, 112 S.Ct. 1867 (1992), and 26 C.F.R. Sec. 1.104-1(c), and (2) that the damages were received 'on account of' the taxpayer's personal injury." Schmitz v. Commissioner, 34 F.3d 790, 792 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3462 (U.S. Nov. 23, 1994) (No. 94-944) (citing Hawkins, 30 F.3d at 1083). The intent of the payor is examined to determined whether settlement proceeds were made on account of personal injuries. Roemer, 716 F.2d at 697 n. 3.
 
 
 11
 Here, the Everys have failed to provide any evidence indicating that the payment received from Exxon was compensation on account of personal injuries. The agreement between the Everys and Exxon stated that the payment was for "all claims Claimant may have against Exxon...." The language of the agreement does not indicate that the Everys were maintaining a claim for personal injuries against Exxon. In fact, the language is ambiguous as to the type of claims the Everys had against Exxon at the time the agreement was signed. Thus, the agreement signed between Exxon and the Everys does not provide any clear indication of Exxon's intent. See id.
 
 
 12
 Furthermore, the Everys failed to submit any documentation regarding their state court suit. The Everys, however, claim that the state court suit against Exxon was "premised on, among other theories, negligence and strict liability." This generalized language provides no indication as to whether the suit was brought to recover damages incurred as a result of personal injuries. Despite the fact that the Everys claim they suffered from stress and anxiety, there is no evidence indicating that Exxon was ever made aware of such claims. Lastly, there is simply no significant evidence which indicates that Exxon's agreement with the Everys was based on anything other than the Everys' business losses resulting from the oil spill.
 
 
 13
 The Everys had the burden of demonstrating that the damages they received fall within section 104(a)(2)'s exemption. See Roemer, 716 F.2d at 696. Because the Everys have failed to provide any significant evidence indicating that the damages they received were "on account of personal injuries," no reasonable juror could conclude that the damages fall within section 104(a)(2)'s exemption. See Hawkins, 30 F.3d at 1083. Accordingly, the district court's summary judgment was proper. See Anderson, 477 U.S. at 249-250.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Everys also were part of a class action lawsuit filed against Exxon