**MEDICAL DESIGNS, INC., Plaintiff,**

v.

**DONJOY, INC., Defendant.**

**Civ. No. 88–1849–E(CM).**

United States District Court, S.D. California.

Aug. 13, 1992.

## MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

## BACKGROUND

This is a patent infringement case brought by Medical Designs, Inc., the inventor of a knee brace device, against Donjoy, Inc., the alleged infringer. The suit was filed in the Northern District of Texas in November 1987 and transferred to this district by stipulation in December 1988.

Medical Designs contended that in early 1980, one of its owners, Gary Bledsoe, conceived and reduced to practice a knee brace

that attached to the leg via Velcro tabs and allowed an adjustable range of motion for recuperating patients ("Bledsoe brace"). The Bledsoe brace offered several advantages over knee braces commonly used at that time: it was easily adjusted for different sizes of legs; it adjusted through hinges to allow any range of motion desired by the doctor; it was quickly and easily applied; it could be removed and reapplied at will; it was lightweight; and it was relatively inexpensive. Other braces in effect in 1980 primarily were rigid, applied as casts or with compounds and were not easily removable.

On January 22, 1981, Bledsoe applied for a patent for his brace. The Bledsoe brace received a patent (No. 4,407,276) on the brace on October 4, 1983. Bledsoe had assigned ownership of the patent to Medical Designs, which has manufactured the brace ever since.

In this action, Medical Designs sued Donjoy for alleged patent infringement. Medical Designs alleged that three different types of braces manufactured by Donjoy infringed Medical Designs' patent.

Donjoy contended that Medical Designs' patent is invalid. Specifically, Donjoy contends that Drs. Jones and Mauldin had built prototypes of their braces by 1979. These braces were very similar to the Bledsoe brace, with all of the same advantages over rigid braces. By July of 1980, the Mauldin/Jones brace was used on patients in Texas. Further, two other companies were making similar adjustable knee braces prior to 1980 and had received patents. Donjoy thus contends that the Bledsoe brace was merely an obvious extension of prior art, including of the Mauldin/Jones braces. Donjoy also contends that Medical Designs' patent is invalid under the doctrine of simultaneous invention because others, including Drs. Jones and Mauldin, were at least working on similar inventions at the same time.

In December, the court granted partial summary judgment in Donjoy's favor on the ground that its brace did not infringe Medical Designs' patent because the Donjoy braces do not use variably attachable devices to fasten the straps to the brace. During prosecution of the patent, the examiner initially rejected Medical Designs' patent application, requiring Medical Designs to show why its particular brace was new or different from prior art. After meeting with representatives from Medical Designs, the patent examiner noted in his record that the "particular Velcro attachment of the braces and pads as well as the braces and encircling straps is considered novel." Thereafter, Medical Designs changed the language of its patent application describing the attachment from "selectively attached" to "selectively attachable." The patent was then assigned.

In February 1992, a magistrate judge in Texas held invalid the same Medical Designs' patent at issue in this litigation. The judge, following a court trial, also found that the case was exceptional under 35 U.S.C. § 285 because of Medical Designs' fraud on the patent office in prosecuting the patent and because of inequitable conduct after Medical Designs should have been on notice of prior inventions. Accordingly, the judge ordered Medical Designs to pay attorneys' fees.

Here, Donjoy moves for summary judgment as to the invalidity and unenforceability of the '276 patent and as to the finding of exceptionality under the doctrine of collateral estoppel. Donjoy argues that Medical Designs had a full, fair opportunity to litigate these issues before the Texas court. Donjoy argues that it would be a waste of judicial resources to relitigate the issue of exceptionality. Because of the finding of intentional misconduct by Medical Designs, Donjoy asserts that it would be unfair to require it to bear the enormous cost of defending against Medical Designs' suit. Therefore, Donjoy argues, a ruling of exceptionality with an award of attorneys' fees is proper in this case under collateral estoppel.

Medical Designs counters with a motion for dismissal with prejudice, with each side bearing its own costs. Medical Designs agrees that Donjoy is entitled to judgment in its favor, but disputes that a finding of exceptionality is proper in this case. Medi-

cal Designs argues that, unlike in the Texas action, Donjoy did not plead fraud on the patent office as a defense in the action before this court. Collateral estoppel is available only on identical issues presented in both suits, Medical Designs argues. Further, Medical Designs points out that even in exceptional cases, an award of fees is discretionary. Medical Designs states that an award in this case would be unjust because of the closeness of this case, Medical Designs' reliance on its expert witnesses' opinions, and its conduct of the action. Medical Designs also points out that it is currently in Chapter 11 bankruptcy proceedings.

Donjoy counters that it plead unenforceability because of inequitable conduct in its answer. It states that the Texas court based its award of fees primarily upon the behavior of Medical Designs after its receipt of a letter that provided notice of the earlier inventions. Donjoy states that the same inequitable conduct affected this case and supports a finding of exceptionality and an award of fees. If Medical Designs had investigated after receipt of the letter in March 1989, it would not have pursued the case, Donjoy asserts, saving Donjoy most of the litigation costs incurred.

## DISCUSSION

■ "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The doctrine of collateral estoppel can be asserted by the defendant in a patent suit on the issue of whether the case is exceptional within the meaning of the statute providing for award of attorney fees when that issue was previously litigated in a separate action by the same patentee against a different defendant. *Convergence Corp. v. Videomedia*, 539 F.Supp. 760, 766 (N.D.Cal. 1981). "[R]elitigation of the exceptional case issue without good cause would give plaintiffs more than one bite at a 'full and fair opportunity' for judicial resolution of that issue. The parties would be gambling that different courts would arrive at divergent resolutions of that question." *Id.*

Here, the Texas court determined that the patent in question was invalid. Neither party disputes that this ruling applies to the case at hand. Thus, summary judgment in Donjoy's favor as to invalidity is unopposed.

■ The Texas court also found that the case was exceptional because of fraud on the patent office and inequitable conduct in the form of litigating instead of disclosing knowledge of prior art. Donjoy did not assert fraud on the patent office in this action. Inequitable conduct, however, was asserted, and Donjoy pleaded exceptionality. The issue of Medical Designs' failure to investigate after receipt of the letter revealing prior inventions is identical in both actions. As the Texas court found, the failure to investigate justifies the finding of exceptionality. Such bad-faith litigation warrants application here of collateral estoppel on the issue of exceptionality.

Medical Designs urges that even if the court does hold it estopped from relitigating the exceptionality issue, the court has discretion to deny an award of fees. The Texas court thoroughly examined the issue after a full trial and ordered an award of fees based upon Medical Designs' inequitable conduct. While local counsel's conduct of this action gave no cause for fees, the failure to investigate affected Donjoy as much as it did the Texas defendant. Any examination by this court of the fees issue necessarily requires re-examination of issues resolved by the Texas court. Medical Designs is not entitled to a second bite at the apple.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby grants summary judgment in Donjoy's favor as to the issues of invalidity of the patent and exceptionality of the case. As the Texas court determined, this court orders an award of attorneys' fees to Donjoy from April 1, 1989. Donjoy shall submit affidavits in support of applicable attorneys' fees by September 8, 1992. The court retains

jurisdiction over this matter until it determines the amount of fees due Donjoy. Medical Designs' motion for dismissal with prejudice is denied.