FILED

**NOT FOR PUBLICATION**

MAY 23 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIE PITTMAN, guardian ad litem for L. P., a minor child, | No. 11-56332 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01390-JST-OP |
| v. | MEMORANDUM[*] |
| AVISH PARTNERSHIP; NEHA, LLC; DAVID ORTEGA; DARLIN PERAZA; MAGALY ZAPATA; DIPAK PATEL, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted May 9, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

Marie Pittman, as guardian ad litem for Plaintiff L.P., a minor child and her

daughter, appeals the dismissal of this action for failure to post a security bond.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The complaint alleges that Defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Unruh Civil Rights Act, Cal. Civ. Code § 51, and that L.P. suffered intentional infliction of emotional distress when Defendants refused to rent a motel room to L.P. because she was accompanied by a service dog. Reviewing for abuse of discretion, we affirm. *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

**1.** Defendants argue that the district court's order requiring a security bond is non-appealable. We disagree. The notice of appeal in this case specifically states that Plaintiff is appealing the order dismissing the case for failure to post a bond. "[A]n appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment." *Munoz v. Small Bus. Admin.,* 644 F.2d 1361, 1364 (9th Cir. 1981). Because Plaintiff properly appealed the district court's final order dismissing the case for failure to post a security bond, the district court's earlier order requiring the posting of a security bond is properly at issue in this appeal.

**2.** The district court did not abuse its discretion in ordering Plaintiff to post a security bond. Although the Federal Rules of Civil Procedure do not address security bonds, federal district courts "have inherent power to require plaintiffs to

2

post security for costs." *Simulnet E. Assocs.*, 37 F.3d at 574. " 'Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.' " *Id.* (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2nd § 2671).

Here, the forum state's practice is set forth in California Code of Civil Procedure section 1030, which requires a court to order a security bond when a defendant shows that (1) the plaintiff resides out of state[1] and (2) there is a reasonable possibility that the defendant will prevail on the merits. Cal. Code Civ. Proc. § 1030(a)-(c). Following section 1030's requirements, and looking to the underlying claims, the district court properly concluded that it could require a security bond for costs and attorney's fees only if Defendants could show a reasonable possibility that they would prevail on the merits and that Plaintiff's ADA claim was frivolous. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (holding that fees and costs can be awarded under the ADA only if the plaintiff's claims were "frivolous, unreasonable, or without foundation"). In concluding that Defendants met this burden, the district court relied on evidence that Plaintiff's attorney had a history of filing frivolous lawsuits against

_____

[1] Pittman does not contest that L.P. is a resident of Tennessee.

Defendants, as well as deposition testimony from other lawsuits in which Pittman and her adult daughter—who allegedly accompanied L.P. to the subject hotel—made statements that are irreconcilable with the allegations in this lawsuit. The court also found that Plaintiff's video evidence did not cure Pittman's contradictory testimony, in part because it was impossible to see who is filming the video. The district court thus did not abuse its discretion in requiring a security bond, because it was not illogical, implausible, or without support in the record to conclude that there was a reasonable possibility that Defendants would prevail and that the district court would find that Plaintiff's lawsuit was frivolous and without merit. *See Hinkson*, 585 F.3d at 1263.

**3.** The district court likewise did not abuse its discretion in declining to waive the security bond requirement. Under California law, a court may waive the posting of a bond if the plaintiff shows that she is indigent. Cal. Code Civ. Proc. § 995.240. Plaintiff argues that the district court erred by considering Pittman's financial status, rather than considering only hers. We disagree. Although the California state courts have not squarely addressed this issue, the state appellate court has indicated that an immediate family member's income may be relevant to deciding whether a waiver is warranted pursuant to section 995.240. *See Alshafie v. Lallande*, 89 Cal. Rptr. 3d 788, 799 n.10 (Cal. Ct. App. 2009) (concluding that a

4

plaintiff need not show that "people *outside his or her own household or nuclear family* cannot assist in paying court fees or costs" (emphasis added)). Plaintiff has identified no authority to the contrary.

**4.** Plaintiff's other arguments with respect to the bond waiver fail because she cites to state procedural rules that are not binding on federal courts. Nonetheless, the district court took note of these rules and, importantly, the court reviewed Pittman's initial affidavit and gave her the opportunity to supply additional financial information. It specifically directed her to California's Form to Request to Waive Court Fees and the United States District Court for the Central District of California's Form to Proceed in Forma Pauperis. *See id.* at 800. On the basis of the information that Pittman provided, the district court ultimately concluded that Plaintiff had not met her burden of establishing indigency, in part because Pittman failed to provide bank statements, tax returns, mortgage documents, valuation estimates for her car or home, or any other documents besides her two declarations. This was not an illogical, implausible, or unsupported conclusion, and therefore was not an abuse of discretion. *See Hinkson*, 585 F.3d at 1263.

**5.** Finally, it was not an abuse of discretion to set the bond at $50,000. The district court properly considered the reasonableness of the bond amount from the

5

perspective of both Plaintiff and Defendants. *See Simulnet E. Assocs.*, 37 F.3d at 576. It lowered the bond from $240,000, the amount requested by Defendants, to $50,000, on the ground that Plaintiff could not satisfy a bond set at $240,000. The court concluded, however, that Plaintiff could be expected to post a $50,000 security bond since Pittman and Plaintiff had each received $50,000 from a settlement in 2009 and Pittman owned a home worth approximately $99,600. Setting the bond amount at $50,000 was not an abuse of discretion.

**6.** When Plaintiff failed to post the security bond within the time allotted by the district court, the court properly invoked its authority under Rule 41(b) to dismiss Plaintiff's case for failure to comply with a court order.

**AFFIRMED.**